In the Matter of HENRY KENNY, Appellant, against ALFRED E. LOOS, as Chairman of the Board of Parole of the State of New York, et al., Respondents. — Appeal from an order of the Supreme Court, Albany County Special Term, denying a motion for reargument of an application under article 78 of the Civil Practice Act. The appellant sought an order annulling a determination of the respondents, made pursuant to section 219 of the Correction Law, requiring him to serve in prison the portion remaining of the maximum term of a prior sentence before beginning to serve a sentence for a felony committed while on parole. The application was dismissed on the ground that it was barred by the Statute of Limitations (Civ. Prac. Act, § 1286). A notice of appeal from the order of dismissal was served and, subsequently, the motion for reargument was made. An appeal does not lie from an order denying a motion to reargue and therefore the appeal is dismissed, without costs. If the appeal was properly taken and is still pending, the appellant, if he desires, may perfect the appeal from the order of dismissal. Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WOODROW HEN-DRICKS, Appellant.— Appeal from an order of the Albany County Court, entered on the 27th day of January, 1954, which denied appellant's motion in the nature of a writ of error *coram nobis*. Appellant was indicted for the crime of robbery in the first degree and, upon his plea of guilty, he was sentenced as a second offender for a term of from thirty to sixty years. The appellant contends that counsel had not been assigned to him pursuant to section 308 of the Code of Criminal Procedure, despite his request for counsel. The record shows one Pierce J. Ryan had been assigned as counsel for the appellant. Both a notice of assignment of counsel and a notice of trial had been directed to Pierce J. Ryan and acknowledgment of their receipt had been signed by him. However, the clerk's minutes of the proceedings state that one John J. Ryan appeared as counsel for appellant. In an affidavit procured by the appellant, John J. Ryan categorically denied ever having represented appellant. Pierce J. Ryan made an affidavit in which he stated that he had no present recollection of ever having represented appellant but he did not deny that he had represented him nor did he deny the authenticity of his signatures upon the notice of assignment and the notice of trial. The notation of the name John J. Ryan in the clerk's minutes was obviously a clerical error. The record establishes that the appellant had been represented by counsel assigned to him, in the person of Pierce J. Ryan. Appellant has raised no issue which entitles him to a hearing on his motion. Order unanimously affirmed. Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ., concur.